

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BARKIM GRANGER,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
GREEN (BADGE NO. 16821), PAROLE OFFICER
EUGENE DEAL, LIEUTENANT DENNIS CULLIN,
DETECTIVE DAVID WENZEL

                                    Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

10-CV-2951 (LTS)

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York, several New York City Police Officers and a New York State Parole Officer violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution. Specifically, plaintiff alleges that, on May 1, 2008, defendants falsely arrested him, used excessive force on him, assaulted and battered him, illegally strip searched him, and made false allegations about him to the New York County District Attorney's Office and the United States Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York who lives in Manhattan.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Parole Officer Eugene Deal is a resident of the State of New York and is employed by the New York State Department of Parole who was acting under color of state law in his capacity as a parole officer at all relevant times. Deal is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants is sued in his individual and official capacities

7. Police Officer Brian Green, Lieutenant Dennis Cullin and Detective David Wenzel (the "officers") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Green and the other officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. On May 1, 2008, at approximately 4:15 p.m. plaintiff was walking down the public stairwell at 230 West 129th Street When he was stopped by Parole Officer Deal and a number of Police Officers, including defendants. Each officer had his gun drawn or his taser drawn. When the officers asked if plaintiff was "carrying", plaintiff responded honestly that he

2

had nothing illegal. Plaintiff was placed in unreasonably tight handcuffs. When plaintiff asked to have his handcuffs loosened, the officers refused.

9. At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

10. The officers continued questioning plaintiff and plaintiff continued to explain that he had done nothing wrong. Displeased with plaintiff's response, the officers escorted plaintiff to the roof of the building. On the roof, plaintiff first encountered Officer Brian Green. Officer Green asked plaintiff whether there was anything in the "apartment that can hurt my officers".

11. Officers then took plaintiff to the Precinct where he was strip-searched by Officer Green.

12. After the strip search, plaintiff was placed in a cell.

13. Plaintiff's designated "arresting officer" was Police Officer Brian Green.

14. While plaintiff was incarcerated in the precinct, Green, pursuant to a conspiracy with other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff had committed a narcotics offense.

15. While plaintiff was confined in Manhattan Central Booking, Green, pursuant to a conspiracy with other officers involved in plaintiff's arrest, misrepresented to the New York County District Attorney's Office that plaintiff had committed a narcotic offense.

16. On May 2, 2008, plaintiff was arraigned and bail was set at fifteen-thousand dollars.

17. Subsequent to plaintiff's arraignment, defendants, Deal, Green and Does falsely testified in the Grand Jury that plaintiff possessed and sold drugs on May 1, 2008.

18. As a result of the officers' perjury, plaintiff was indicted on several counts of sale and possession of a controlled substance.

19. Plaintiff remained incarcerated on Rikers Island until on or about December 13, 2008 when he was moved to federal custody. Plaintiff's federal charges were predicated on the same allegations as his state charges.

20. On March 19, 2009 all federal charges against plaintiff were dismissed and plaintiff was returned to Rikers Island.

21. On March 19, 2009 all state charges against plaintiff were dismissed and plaintiff was released from custody.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty for approximately one year and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain, numbness, and bruising from the excessively tight handcuffs.

### FIRST CLAIM
### (FALSE ARREST)

23. Plaintiff repeats the foregoing allegations.

24. No officer observed plaintiff commit a crime on May 1, 2008.

25. At no time on May 1, 2008 did plaintiff commit a crime.

26. Accordingly, defendants violated the Fourth Amendments and state law because they arrested plaintiff without probable cause.

## SECOND CLAIM
## (UNREASONABLE FORCE)

27. Plaintiff repeats the foregoing allegation.

28. In the course of arresting plaintiff, defendants handcuffed him excessively tight causing pain, numbness, and bruising.

29. This use of force was objectively unreasonable.

30. Accordingly, defendants violated the Forth Amendment because they used unreasonable force on plaintiff.

## THIRD CLAIM
## (ILLEGAL STRIP SEARCH)

31. Plaintiff repeats the foregoing allegations.

32. Defendants' strip search of plaintiff violated the Fourth Amendment because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

## FOURTH CLAIM
## (FABRICATION OF EVIDENCE)

33. Plaintiff repeats the foregoing allegations.

34. Defendants, pursuant to a conspiracy, falsely stated to the New York County District Attorney's Office that plaintiff had committed a crime.

35. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against him and denying him a fair trial.

## FIFTH CLAIM
## (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

36. Plaintiff repeats the foregoing allegations.

5

37. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

39. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

40. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

       d.    Such other and further relief as the Court may deem just and proper.

DATED:    October 6, 2010
             New York, New York

_____
ROBERT J. MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427